**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBIN BOSTICK,** | ) | Case No. 5:07CV2215 |
| | ) | |
| Plaintiff, | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **PORTAGE COUNTY PUBLIC** | ) | **AND ORDER** |
| **DEFENDER'S OFFICE, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

On June 18, 2007, plaintiff Robin Bostick filed her action in the Portage County, Ohio Common Pleas Court (Docket No. 1, Attachment 1). In her Complaint, plaintiff alleges that defendants, the Portgage County Public Defender's Office and Dennis Day Lager, engaged in unlawful gender discrimination and retaliation. Plaintiff also asserts that defendants' actions violated public policy.

On July 23, 2007, defendants removed this action to federal court on the basis of federal question jurisdiction (Docket No. 1). In the notice of removal, defendants state that "[s]aid action is predicated on alleged violations of the rights of Plaintiff Robin Bostick and is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*." Defendants contend that removal is proper under 28 U.S.C. § 1441(a) and (b).

Before the Court is plaintiff's motion to remand (Docket No. 4).

Defendants oppose the motion (Docket No. 10). Plaintiff has moved for leave to file a reply (Docket No. 12). The Court hereby **GRANTS** plaintiff leave and will treat the proposed reply appended to plaintiff's motion for leave as the reply.

For the reasons that follow, plaintiff's motion to remand is **GRANTED.**

## I.

## THE COMPLAINT

The allegations in the Complaint arise out of plaintiff's employment with defendant public defender's office. The Complaint presents three counts. Count One raises a claim under Ohio law for gender discrimination, pursuant to Ohio Rev. Code § 4112.02(A). Count Two alleges retaliation for engaging in protected activity under Ohio Rev. Code § 4112.02. Count Three claims a violation of Ohio's public policy, the source of which is both state and federal law, specifically Title VII. Count Three also contains a request for attorney's fees, noting that "Plaintiff is entitled to recover her attorney's fees and costs pursuant to § 706(k) of Title VII of the Civil Rights Act of 1954, 42 U.S.C. § 2000(e)(5)(k)."

There is no dispute that Counts One and Two raise state law claims that do not provide a basis for federal jurisdiction. Plaintiff insists that Count Three is a state law public policy claim, and that the fact that both federal and state statutes provide a source of public policy does not vest this Court with jurisdiction. Defendants argue that federal jurisdiction is present because plaintiff is "seeking to recover under Title VII of the 1964 Civil Rights Act—i.e., she [is] seeking relief under a federal statute" (Docket No. 10 at 2). According to defendants, plaintiff "has 'attempted to avoid federal jurisdiction by failing to plead necessary federal questions in the Complaint.'" *Id.* at 6, *quoting Strong v. Print U.S.A., Ltd.,* 230 F. Supp. 2d 798, 800 (N.D. Ohio 2002).

## II.

## **APPLICABLE LAW**

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking removal bears the burden of establishing federal question jurisdiction. *Ahearn v. Charter Twp.*, 100 F.3d 451, 453-54 (6th Cir. 1996). "Furthermore, because they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). If a federal court is in doubt as to its jurisdiction, it must resolve such doubt in favor of state court jurisdiction. *See e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990).

There are three possible grounds for federal question jurisdiction. First, a plaintiff could assert a federal claim in the complaint (i.e., the federal law creates the cause of action). Second, under the artful pleading doctrine, a state law claim could be re-characterized as a federal claim. A claim is artfully pled when plaintiff attempts to defeat removal jurisdiction by failing to plead necessary federal question jurisdiction in the complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22 (1983). Third, a state law claim could necessarily turn on the construction of a substantial, disputed federal question. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 (9th Cir. 1996). "The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 813 (1986).

## III.

## ANALYSIS

It is well settled that Ohio law recognizes the common law tort of wrongful discharge in violation of public policy. *Painter v. Graley*, 70 Ohio St. 3d 377 (1994); *Greenly v. Miami Valley Maintenance Contractors*, 49 Ohio St.3d 228 (1990). As such, "it is state law, not federal, that creates the cause of action for wrongful discharge in violation of public policy." *Raines*, 80 F.3d at 343. The references to Title VII in Count Three do not transform this state clam into a federal cause of action. They merely identify federal law as one source of Ohio public policy. This very issue has been repeatedly litigated in this district, and other courts have consistently arrived at the same conclusion. *See e.g., Campolieti v. Cleveland Department of Public Safety,* Case No. 1:07CV1417, *4 (N.D. Ohio July 9, 2007); *Bernard v. Mahoning County Court of Common Pleas*, 2006 U.S. Dist. LEXIS 67774, *8 (N.D. Ohio Sept. 20, 2006); *Strong*, 230 F. Supp. 2d at 800; *Guciardo v. Thistledown Race Track,* Case No. 1:02CV489, *4 (N.D. Ohio May 1, 2002); *Berriker v. National City Bank*, Case No. 1:00CV1668, *3 (N.D. Ohio July 26, 2000).

Further, the Complaint, itself, removes any doubt as to plaintiff's intent to bring her public policy claim exclusively under state law. The relevant part of paragraph 7 of the Complaint reads:

> The allegations and claims in this action are intended to assert rights and causes of action only under and pursuant to the laws of the State of Ohio. No claim or cause of action herein is made to assert any right, question, issue, or cause of action under any federal law of the United States. It is the specific intention of Plaintiff to litigate her claims and causes of action in the Court of the State of Ohio. Therefore, should the allegations of this Complaint and/or any evidence adduced during discovery in this action imply, suggest or indicate in any way any possibility that Plaintiff herein is asserting or claiming any right or cause of action pursuant to any federal law of the United States, Plaintiff specifically eschews and rejects any such implication, suggestion or indication, and hereby announces and

4

> asserts, in advance, that she is not pursuing and has never intended to pursue such a claim, right or cause of action under any federal law of the United States, thereby precluding any effort by Defendants at any time after the filing of this Complaint to remove this action to any federal court based upon federal question jurisdiction.

Far from making a well-pleaded federal complaint, plaintiff emphatically states that her Complaint raises only state law claims. It is well settled that a plaintiff may "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As the party bringing the action, plaintiff is the "master of [her] complaint," and may chose what law she wishes to rely upon to support her claims. *Eastman v. Marine M*, 438 F.3d 544, 550 (6th Cir. 2006). *See Pan American Petroleum Corp., v. Superior Court of Delaware*, 366 U.S. 656, 662-63 (1961). The fact that a claim could be stated under federal law does not prevent plaintiff from relying exclusively on state law. *See Eastman*, 438 F.3d at 550; *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 943 (6th Cir. 1994).

Defendants argue, however, that Count Three "can only properly be viewed as an attempt to recover under Title VII, while attempting to avoid essential federal law and thus avoid removal to Federal Court" (Docket No. 10 at 5). As such, defendants seek to rest federal jurisdiction on the second basis for jurisdiction; namely, the artful pleading doctrine.

Interestingly, defendants cite to Judge Wells' decision in *Strong* for support. In *Strong*, the complaint set forth a public policy claim and offered Title VII as one of the sources for the public policy. The court specifically rejected the argument that the plaintiff had attempted to avoid federal jurisdiction by failing to plead necessary federal questions in the complaint. In so ruling, the court observed that: "[l]ike the plaintiff in Raines, who brought a claim for wrongful termination in violation of California public policy that referred to Title VII as a source of public policy, Ms. Strong 'brought a state law claim and cited a federal statute as

5

an alternate basis for establishing one element of [her] claim. The claim was authorized by state law and no essential federal law was omitted.'" *Strong,* 230 F. Supp. 2d at 800, *quoting Raines*, 80 F.3d at 344.

As for the third basis for jurisdiction, the Court finds that the state public policy claim does not turn on the construction of a substantial, disputed federal question. On its face, the Complaint refers to both federal and state law as its source for public policy. The Sixth Circuit has held that "there is no federal question jurisdiction when the complaint on its face states alternate theories supporting a state-law claim, at least one of which does not involve a federal question." *Long*, 201 F.3d at 760. *See Raines,* 80 F.3d at 345-46. Because plaintiff's public policy claim cites both federal and state law theories, "it is clear that the resolution of a federal question is not *necessary* or *essential* to the resolution" of plaintiff's claim. *Long*, 201 F.3d at 761 (emphasis in original).

Still, defendants insist that plaintiff's request for attorney's fees under Title VII transforms the claim to one under federal law. In advancing this argument, defendants ignore the wealth of decisions that have thoroughly rejected it. In *Bernard*, Judge Gwin observed that such a "request neither presents a substantial, disputed question of federal law, nor transforms [the plaintiff's] Ohio public policy claim into a federal question. This issue is well settled." *Bernard*, 2006 U.S. Dist. LEXIS 67774, *10. Other courts are in accord. *See e.g., Berriker*, Case No. 1:00CV1668 at *4 (such a request "does not define the nature of" a state law public policy claim); *Strong*, 230 F. Supp. 2d at 800; *Guciardo*, Case No. 1:02CV489 at *5 (a request for Title VII attorney's fees does not define the claim, nor does it present a substantial, disputed question of federal law).

Equally unavailing is defendants' reliance on the Ohio Supreme Court's

6

decision in *Wiles v. Medina Auto Parts*, 96 Ohio St. 3d 240 (2002). There, the plaintiff had brought a public policy claim premised upon her former employer's alleged violations of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. Rather than seek remedies under the FMLA, the plaintiff asserted a state common law cause of action, alleging that the actions of her former employer constituted a wrongful discharge in violation of public policy. Finding the FMLA's remedial scheme sufficient to place an employee in the same position he would have been absent an employer's violation of the FMLA, the Ohio Supreme Court held that "Ohio does not recognize a cause of action for wrongful discharge in violation of public policy when the cause of action is based solely on a discharge in violation of the FMLA." *Wiles,* 96 Ohio St. 3d at 246.

Defendants argue that the same reasoning advanced in *Wiles* should apply to prohibit Ohio public policy claims premised on Title VII (Docket No. 10 at 6). Defendants reason that "in view of the *Wiles* decision, Count Three of Plaintiff's Complaint is either a meritless state law claim or is a claim for relief under Title VII (made while attempting to avoid federal jurisdiction)." *Id*. at 3.

In *Bukta v. J.C. Penney Co.*, 359 F. Supp. 2d 649 (N.D. Ohio 2004), the court refused to extend the reach of *Wiles* beyond the context of public policy claims supported by FMLA violations, and recognized an Ohio public policy claim that was based upon alleged violations of the American's With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. In ruling on the viability of a state common law public policy claim premised on the ADA, the court observed:

> Unlike its decision regarding the FMLA, the Ohio Supreme Court has not yet held that the ADA and O.R.C. § 4112.02 provide remedies broad enough to fully compensate an aggrieved employee for an employer's violation of those statutes. Therefore, even though the ADA and O.R.C. § 4112.02 provide remedies for

7

>damages, injunctive and other appropriate relief, the Court shall recognize a common law action for wrongful discharge in violation of public policy under Ohio law based solely on violations of the ADA and O.R.C. § 4112.02.

*Bukta*, 359 F. Supp. 2d at 674. Since the ruling in *Wiles*, other courts in this district have recognized Ohio public policy claims premised on Title VII violations and containing requests for attorney's fees under Title VII. *See Campolieti*, 1:07CV1417 at *5; *Bernard*, 2006 U.S. Dist. LEXIS 67774 at *10; *Sanders v. Shred-It-USA, Inc*., Case No. 1:03CV313, *4 (N.D. Ohio Apr. 9, 2003).

Defendants are correct, however, in noting that Ohio courts are chipping away at the availability of the common law claim of wrongful discharge in violation of public policy. For example, Ohio Courts of Appeal have held that Ohio's public policy against discrimination will not be jeopardized if a common law claim of wrongful discharge based on Ohio Rev. Code § 4112.02 is not permitted. *See e.g., Barlowe v. AAAA Int'l Driving*, 2003 Ohio 5748 at 39, 2003 Ohio App. LEXIS 5097 (Ohio Ct. App., Montgomery County Oct. 23, 2003); *Berge v. Columbus Community Cable Access*, 136 Ohio App. 3d 281 (Ohio Ct. App., Franklin County 1999).[1]

The question before this Court, however, is not whether plaintiff will prevail on the merits of her public policy claim, or whether the claim would even survive a Rule 12(b)(6) attack. The query is limited to the issue of federal jurisdiction. As discussed above, plaintiff is the "master" of her Complaint, and she has quite clearly chosen to avoid federal jurisdiction by pleading claims that sound in state law. *See Caterpillar, Inc.*, 482 U.S. at 392;

---

[1] Recognizing this trend, the Sixth Circuit has affirmed the dismissal of claims of retaliatory discharge in violation of public policy because both Title VII and Ohio Rev. Code § 4112 provide adequate remedies to protect society's interests. *Carrasco v. NOAMTC, Inc.*, 124 Fed. Appx. 297, 304 (6th Cir. 2004). *See also Kaltenmark v. K-Mart, Inc.*, 2005 U.S. Dist. LEXIS 21699, *19 (N.D. Ohio Sept. 28, 2005) ("the Court agrees with the majority of Ohio courts that have concluded that Section 4122 is a remedial statute that adequately protects society's interests in preventing employment discrimination […] the Court concludes that Ohio would not recognize a *Greenley* claim based upon the public policy set forth in either Title VII or O.R.C. § 4112").

8

*Eastman*, 438 F.3d at 550. Upon remand, an Ohio trial court may very well interpret Ohio law as precluding such a claim. Nonetheless, this Court's jurisdiction does not hinge upon the Ohio state courts' interpretation of their own common law, and a claim crafted solely under state law cannot become a federal claim by default.

Finding federal question jurisdiction to be completely lacking in this case, the Court rules that remand to state court is necessary. Further, in light of the fact that the law on rejecting the removal of such claims was well settled at the time defendants removed the present action, the Court finds that an award of attorney's fees under 28 U.S.C. § 1447(c) is appropriate. *See e.g., Sanders v. Shred-It-USA, Inc.*, Case No. 1:03CV313 at *4 (award of attorney's fees in the amount of $580.00 for improperly removed action raising public policy claim); *Bernard,* 2006 U.S. Dist. LEXIS 67774, *11 (award of $ 752.50). The Court has reviewed plaintiff's attorney's fees incurred in connection with her motion to remand. The Court finds that counsel has sufficiently itemized the costs, and has adequately described the legal work undertaken to counter defendants' removal action. Because the Court finds some duplication of effort between plaintiff's attorneys, and further observes that lead counsel has previously defended at least one removal action on the same theories in the past,[2] the Court shall discount plaintiff's requested fees by 20 percent.

### III.

### CONCLUSION

The Court finds that it lacks subject matter jurisdiction over this case and defendants did not fairly support their removal by applicable law. As such, and for all of the foregoing reasons, the Court **GRANTS** plaintiff's motion (Docket No. 4), and remands this case

---

[2] The Court takes judicial notice of the fact that attorney Caryn M. Groedel was counsel of record for the plaintiff in *Strong v. Print U.S.A., LTD.*, 230 F. Supp. 2d 798 (N.D. Ohio 2002).

9

to state court. The Court further **AWARDS** plaintiff attorney's fees in the amount of $ 851.60.

                        **IT IS SO ORDERED**

Dated:  August 31, 2007                                        *s/ Sara Lioi*
                                                                             Hon. Sara Lioi
                                                                             United States District Judge